(No. 30903.—

EDMOND BROWN, Appellee, *vs.* TRUSTEES OF SCHOOLS OF TOWNSHIP No. 5, Appellants.

*Opinion filed January 19, 1949—Rehearing denied May 11, 1949.*

This case is controlled by the decision in *Low* v. *Blakeney, post,* 156.

THOMPSON and CRAMPTON, JJ., dissenting.

MILO D. YELVINGTON, of Newton, for appellants.

ALBERT E. ISLEY, of Newton, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Jasper County which permanently enjoined the appellants, who are the trustees of schools of township 5, north, range 9 east, in Jasper County from selling or removing school buildings located on an acre of land described in the complaint.

The facts show that on August 15, 1884, appellee's ancestor conveyed the one acre of land to the board of trustees of schools of the above described township. The proviso of the deed was in part as follows: "* * * the timber to belong to T. Brown and when done using this ground for school sight (*sic.*) to return to former owner." The grantee went into possession, erected a schoolhouse and other buildings thereon, and used the site and buildings for school purposes until July 1, 1945, on which date both site and buildings were abandoned for such use. On November 14, 1945, the trustees advertised the school buildings for sale. Edmond Brown, as heir and successor in title of the original grantor, brought this action to enjoin such sale, claiming ownership of the buildings by virtue of the above-described reversionary clause. His claim was sustained by the trial court and a permanent injunction granted. The trustees here appeal from that decree.

There is no dispute but that the land itself reverted to appellee upon the termination of the use of the one acre for school purposes. We are asked to decide only the question of whether appellee, by virtue of the reversionary clause, is also entitled to the buildings erected on the land by the school authorities, *i.e.,* the board of trustees, who are appellants here.

This same issue was the one presented in *Low* v. *Blakeney, post,* 156, wherein an opinion has also been filed at this term of court. We held in that case that the buildings erected by school authorities did not revert with the land. The reversionary clause in that case is, in effect, identical with the one here under consideration. What we said there is binding here and it would serve no useful purpose to repeat the authorities and reasoning quoted therein. The ownership of school buildings does not, in such circumstances, revert with the land but remains with the trustees, and it was error for the trial court to enjoin said trustees from selling them.

The decree of the circuit court of Jasper County is therefore reversed for the reasons stated in *Low* v. *Blakeney, post,* 156, and the cause is remanded to the trial court for proceedings consistent with this opinion.

*Reversed and remanded, with directions.*

Mr. JUSTICE THOMPSON, dissenting.

Mr. JUSTICE CRAMPTON, also dissenting: I dissent for the reasons assigned in the dissenting opinion in *Low* v. *Blakeney, post,* 156.